UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE MAGALLON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>VITAL RECOVERY SERVICES, LLC.,<br><br>　　　　　　　　　　Defendant. | Case No.:  16cv02971 JAH - BLM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [Doc. No. 16] and GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br>**[Doc. No. 17]** |

Pending before the Court is Plaintiff's Motion for Class Certification and Plaintiff's Motion for Leave to File a First Amended Complaint ("FAC"). Both motions are fully briefed by the parties. For the reasons discussed below, the Court GRANTS Plaintiff's motion for class certification and GRANTS Plaintiff's motion for leave to file a FAC.

## BACKGOUND

On December 7, 2017, Plaintiff Felipe Magallon, filed a complaint asserting violations of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA") and naming Vital Recovery Services, LLC as defendant. Plaintiff alleges he received a collection notice from Defendant on April 14, 2016, attempting to collect a debt in the amount of $23,450.21, but the notice did not state the debt was accruing interest, the interest rate at which it is accruing interest or

1

the portion of the debt that is principal and interest although Defendant was charging daily accruing interest on the debt. Complaint ¶ 18. Defendant filed an answer on January 23, 2017. On March 3, 2017, the Honorable Barbara L. Major, United States Magistrate Judge, issued a scheduling order setting deadlines for filing a motion for a protective order, a motion to join parties or amend pleadings and a motion for class certification. Remaining deadlines will be set following this Court's order on the motion for class certification. On July 11, 2017, Plaintiff filed a motion to amend the deadline for filing a motion for leave to amend. Judge Major granted the unopposed motion for good cause shown. Plaintiff filed the pending motion for class certification on July 14, 2017, and motion for leave to file a FAC on July 17, 2017. Defendant filed separate oppositions to the motions and Plaintiff filed separate replies. Plaintiff also filed an objection to a declaration filed by Defendant in support of its opposition to the motion for class certification.

Finding the motions suitable for adjudication without oral argument, the Court took both under submissions.

## DISCUSSION

### I. Motion for Class Certification

Plaintiff seeks to certify the following classes:

CLASS A

All persons located in the State of California to whom Defendant sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, an initial written communication that is substantially similar or materially identical to Defendant's April 4, 2016 Validation Notice which was not returned undelivered by the United States Postal Service, in which Defendant failed to clearly state the amount of the debt in violation of 15 U.S.C. section 1692g(a)(1).

CLASS B

All persons located in the State of California to whom Defendant sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, an initial written communication that is substantially similar or materially identical to Defendant's April 4, 2016 Validation Notice which was not returned undelivered by the United States Postal Service, in which Defendant failed to disclose that the debt was subject to daily accruing interest rendering the Validation Notice deceptive, confusing, and

misleading in violation of 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10).

**A. Legal Standard**

Whether to grant class certification is within the discretion of the court. Montgomery v. Rumsfeld, 572 F.2d 250, 255 (9th Cir. 1978). A cause of action may proceed as a class action if a plaintiff meets the threshold requirements of Rule 23(a) of the Federal Rules of Civil Procedure: numerosity, commonality, typicality, and adequacy of representation. FED.R.CIV.P. 23(a). In addition, a party seeking class certification must meet one of the three criteria listed in Rule 23(b).

Courts should certify a class only if they are "satisfied, after a rigorous analysis," that Rule 23 prerequisites have been met. General Telephone Co. Of Southwest v. Falcon, 457 U.S. 147, 161 (1982). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim," which "cannot be helped." Wal–Mart Inc. v. Dukes, 564 U.S. 338, 351 (2011). However, examination of the merits is limited to determining whether certification is proper and "not to determine whether class members could actually prevail on the merits of their claims." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 983 n. 8 (9th Cir. 2011) (citation omitted).

**B. Analysis**

Plaintiff contends the proposed classes meet the criteria of Rules 23(a) and 23(b)(2) and (3).

Defendant argues Plaintiff fails to meet the numerosity, commonality, predominance and superiority to support class certification because the entire class is potentially subject to arbitration.

**1. Arbitration**

Defendant maintains it sent 1,175 letters similar to that sent to Plaintiff which all related to LendingClub Corporation accounts. Defendant further maintains a borrower agreement and loan agreement which applies to Plaintiff's LendingClub account provides for arbitration and contains a class action waiver. Defendant argues the arbitration clauses

likely apply to the conduct at issue and prevents Plaintiff from meeting the requirements for class certification.

Plaintiff argues no valid agreement to arbitrate exists in this case. He contends there is no signed agreement to arbitrate with Defendant, so his and the putative class claims are not subject to arbitration. He contends Defendant cannot use the arbitration clauses in the unsigned membership agreement and loan agreement because Defendant was never a part of those agreements. Additionally, he argues the arbitration clause in both agreements are inapplicable because Defendants fail to demonstrate the agreements were in existence at the time the FDCPA violation occurred. Even if they existed, the language is very limited and defines which claims are subject to arbitration between the consumer, LendingClub and/or WebBank.

"The right to compel arbitration stems from a contractual right and that right "may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." Britton v. Co-op Banking Grp., 4 F.3d 742, 744 (9th Cir. 1993). Generally, only parties to an agreement may enforce an agreement to arbitrate. However, there are exceptions, including, third party beneficiaries, agents and assignees. Comedy club, Inc. v. Improv West Associates, 553 F.3d 1277, 1287 (9th Cir. 2009).

Defendant submits copies of documents entitled "Borrower Membership Agreement" and "Loan Agreement" which Jonathan Hegwood, Defendant's Chief Compliance Officer, attests are applicable to Plaintiff's LendingClub account. Plaintiff objects to Hegwood's declaration for lack of personal knowledge and foundation and as conclusory, speculative and hearsay. He argues there are no facts showing Hegwood can attest that Plaintiff was presented with the agreements, Plaintiff accepted the agreements or whether the agreements existed at the time of Plaintiff's contract with LendingClub. Further, Plaintiff contends Hegwood provides no evidentiary facts supporting his statement that the agreements were in existences at the time Plaintiff or any class member entered into a contract with LendingClub or that they entered into these agreements. He also contends the statements and exhibits are hearsay not subject to an exception.

Upon review of the documents, it appears they are unsigned and undated agreements between individuals who agree to borrow and repay money, and LendingClub and WebBank. Hegwood, is not an employee of LendingClub or WebBank. His position as a records custodian for Defendant Vital does not, alone, provide him knowledge of the pertinent facts surrounding Plaintiff's or any class member's participation in the agreements or the applicability of the agreements to their accounts. He provides no factual support for his statement that the agreements would apply to accounts assigned by LendingClub to Defendant Vital. The Court sustains Plaintiff's objection. Because there is no evidence, beyond the objectionable statements by Hegwood, to demonstrate these agreements are applicable to Plaintiff or any member of the class, the Court will not consider the contents of the agreement, including the arbitration clauses.[1]

**2. Rule 23(a)**

**a. Numerosity**

Rule 23 requires that the class be "so numerous that joinder of all members is impracticable." FED.R.CIV.P. 23(a)(1). Plaintiff contends the approximate size of the proposed class is 1,175 and therefore, the numerosity requirement is easily met.

Defendant argues Plaintiff does not meet the numerosity requirement because the entire class is subject to the arbitration clauses of the borrower and loan agreements. Because Defendant fails to demonstrate the claims are subject to arbitration, this argument fails. The Court finds Plaintiff meets this requirement.

//

//

---

[1] Even if the Court considered the agreements, they do not support Defendant's contention that the claims are subject to arbitration. Defendant is not a signatory to the agreement and there is no language to indicate Defendant is a third party beneficiary entitled to enforce the arbitration clause nor does Defendant demonstrate it is an assignee of the contract. In addition, there is no evidence offered to demonstrate Plaintiff or class members agreed to their terms.

**b. Commonality**

Questions of law or fact must be common to the class. See FED.R.CIV.P. 23(a)(2). This requires the plaintiffs' claims be dependent on a common contention which is capable of class-wide resolution "in one stroke." Dukes, 564 U.S. at 350.

Plaintiff maintains the questions of fact and law are exclusively common in this case. Specifically, Plaintiff maintains the core questions are: What did the Validation Notice say? and; Whether the Validation Notice violates the FDCPA and Rosenthal FDCPA. Plaintiff maintains all members received the same allegedly defective notice from Defendant, and contends the legal question of whether or not the collection notice violates the FDCPA and Rosenthal FDCPA are determinable, for example, via a motion for summary judgment.

Defendant argues the class lacks commonality because the entire class is subject to arbitration. Because Defendant fails to demonstrate the claims are subject to arbitration, this argument fails.

The Court finds Plaintiff meets this requirement.

**c. Typicality**

Typicality under subsection Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED.R.CIV.P. 23(a)(3).

Plaintiff argues each of the class members were sent a collection letter which was identical or substantially identical to the Validation Notice he claims violates the FDCPA and the Rosenthal FDCPA. He contends typicality is inherent in the class definition because each class member was subject to the same violations of the FDCPA and Rosenthal FDCPA as Plaintiff.

Because Plaintiff alleges each class member received the same letter he received which he alleges violated the FDCPA and the Rosenthal FDCPA, the Court finds Plaintiff meets this requirement.

//

**d. Adequacy**

To ensure due process requirements are met, "absent class members must be afforded adequate representation before entry of a judgment which binds them." <u>Hanlon v. Chysler Corp</u>, 150 F.3d 1011, 1020 (9th Cir. 1998). There are two criteria used to evaluate whether this requirement is met: 1) does the named class representatives and their counsel have any conflicts of interest with other class members; and 2) will the named representatives and their counsel prosecute the action vigorously on behalf of the class. <u>Id</u>.

Plaintiff argues there is no evidence that Plaintiff and his attorneys have a conflict of interest with other class members. He further argues he received the same allegedly defective collection notice as the 1,175 proposed class members. Plaintiff also maintains he and the class members, seek statutory damages as well as equitable relief as a result of Defendant's alleged violation of the FDCPA and Rosenthal FDCPA. He argues there is no potential conflict of interest because he and the class members have identical claims. Plaintiff further maintains both he and his attorneys are capable of and have vigorously prosecuted this action. Additionally, Plaintiff maintains he understands his responsibilities as a class representative and is willing to represent the class at trial, and he is represented by experience counsel.

In opposition, Defendant argues counsel's delay in seeking to amend to add Defendant's corporate parent demonstrates proposed class counsel is not adequate. Plaintiff contends Defendant's argument has no merit because Judge Major granted his request to extend the deadline to file a motion for leave to amend and counsel's request for an extension was due to ongoing investigation of the case, specifically, the outcome of Defendant's deposition which took place after the original deadline for leave to amend. He further contends the deposition was rescheduled at Defendant's request.

The Court finds Plaintiff's counsel's request to extend the deadline to move for leave to amend by two months to permit ongoing investigation following Defendant's rescheduled deposition does not demonstrate counsel is inadequate. Furthermore, counsels' declarations demonstrate experience in litigating cases in federal and state court,

including class action and consumer law actions. Mashiri Decl. ¶¶ 7, 8; Jami Decl. ¶¶ 7, 8, 9, Pla's Exhs. 5 and 6 (Doc. Nos. 16-7, 16-8). Additionally, Plaintiff shows his claims are identical to the class and there are no potential conflicts of interest present. As such, the Court finds Plaintiff meets this requirement.

### 3. Rule 23(b)

Plaintiff argues the class meets the requirements of Rule 23(b)(2) and (3).

#### a. Rule 23(b)(2)

Rule 23(b)(2) requires a plaintiff to establish that the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED.R.CIV.P. 23(b)(2) A party may meet the requirements of Rule 23(b)(2) if "class members complain of a pattern or practice that is generally applicable to the class as a whole." Rodriguez v. Hayes, 591 F.3d 1105, 1125 (9th Cir. 2010). Rule 23(b)(2) does not authorize class certification "when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." Dukes, 564 U.S. at 360. Additionally, "class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." Ellis, 657 F.3d at 986.

Plaintiff argues Defendant acted identically with respect to all class members by sending nearly identical collection letters to each of them, and further argues the purpose for sending the letters was identical for all. He maintains the request for declaratory relief seeks a declaration that Defendant's validation notice is illegal and in violation of the FDCPA and the Rosenthal FDCPA. Plaintiff also contends any argument by Defendant that certification under Rule 23(b)(2) is improper because the FDCPA does not expressly provide for injunctive relief are without merit, because the FDCPA does not restrict a district court's jurisdiction in equity and the well-established rule of law is that, absent the clearest command to the contrary, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction.

Defendant contends Plaintiff's primary claim is for money and, therefore, it cannot be certificated under Rule 23(b)(2) which requires the primary claim be for injunctive or declaratory relief. Defendant also contends Plaintiff lacks standing to pursue a claim for injunctive or declaratory relief under the FDCPA, because neither injunctive relief nor declaratory relief is included in the list of available remedies in section 1692k of the FDCPA. Additionally, Defendant argues a Rule 23(b)(2) class is improper because injunctive or declaratory relief will not benefit Plaintiff or the purported members of the class, because they cannot demonstrate a probability of future injury.

The allegations of the complaint demonstrate Plaintiff seeks relief based upon Defendant's conduct to the proposed class members in sending nearly identical letters. Accordingly, the declaratory and injunctive relief sought is the same for the class as a whole. However, Plaintiff seeks statutory damages in addition to declaratory and injunctive relief. Plaintiff does not respond to the argument that his claim is primarily for monetary relief. In his motion, he cites to cases in which courts certified a class under Rule 23(b)(2) or a hybrid where the plaintiffs received a standardized letter and sought declaratory relief and statutory damages. However, these cases pre-date Dukes which indicated claims for monetary relief which were not incidental to declaratory or injunctive claims are not proper for certification under Rule 23(b)(2). The Court finds certification under Rule 23(b)(2) is not appropriate.

**b. Rule 23(b)(3)**

Pursuant to Rule 23(b)(3) a party may maintain a class action if the court finds that the questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members, and that a class action is *superior* to other available methods for the fair and efficient adjudication of the controversy.

**i. Predominance**

The predominance inquiry presumes the existence of common issues of fact or law have been established pursuant to commonality requirement of Rule 23(a)(2). Hanlon, 150 F.3d at 1022. However, meeting the commonality requirement is insufficient to fulfill the

predominance requirement. Id. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis." Id.

Plaintiff contends the primary and predominating question here is whether the undisputed content of the collection letter sent by Defendant, objectively, violates the FDCPA and the Rosenthal FDCPA. He further contends, if he prevails, the remaining individual issues will be ministerial.

Defendant argues Plaintiff cannot establish predominance because there is no evidence that the debt was incurred for a personal, family or household purpose. Defendant maintains each plaintiff must satisfy the threshold issue that the money being collected is a "debt" as defined by the FDCPA to prevail, by showing the debt was incurred for a personal, family or household purpose. Defendant argues Plaintiff presents no evidence that the debt of other class members was incurred for a personal, family or household purpose. As such, he argues, Plaintiff fails to meet his burden and class certification is improper.

Plaintiff contends he provided evidence that the debt was for personal, family or household purposes and argues Defendant fails to provide any evidence to the contrary. He further argues it is Defendant's burden to provide evidence showing certain class members are not subject to the FDCPA because their debts are non-consumer debts. Plaintiff maintains he is bringing the case on behalf of putative class members whose debts are subject to the FDCPA and Defendant identified the class members. As such, it is up to Defendant to identify which class members would not be subject to this case.

At issue in this case is whether the collection letter sent to the class members violated the FDCPA and the Rosenthal FDCPA. In light of Defendant's records identifying those who they sent the letters in question, and the class definition describing members as those whom received the letter "in connection with the collection of a consumer debt", the Court finds identifying class members by determining whether the debt was a consumer debt is

ministerial in nature easily determined by a single yes or no question. This determination does not predominate over the primary question of whether the letter violated the FDCPA and the Rosenthal FDCPA. As such, the Court finds common issues predominate over individual issues.

**ii. Superiority**

In addition to finding predominance, a court must also find "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED.R.CIV.P. 23(b)(3). A class action may be superior if "class-wide litigation of common issues will reduce litigation costs and promote greater efficiency" and "if no realistic alternative exists." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234-35 (9th Cir. 1996).

Plaintiff contends class treatment is superior to individual treatment because Congress itself saw the value in class certifications under the FDCPA by specifically providing for and contemplating class action relief; courts have found that consumers are most likely unaware of their rights under the FDCPA making class treatment the only method of recovery; the size of any individual damage claims under the FDCPA is typically small and provide little drive to control litigation; and judicial economy favors deciding the letter issue for all recipients rather than fielding thousands of additional lawsuits about the same content. Plaintiff further contends numerous district courts within California have concluded that FDCPA cases involving letter violations easily satisfies the superiority element.

Defendant argues determining whether or not each putative class member used the funds from LendingClub for personal, family or household purposes would overwhelm this litigation.

As discussed above, the inquiry into the nature of the debt is minor and ministerial in nature and would not predominate over the common issues, much less overwhelm the litigation. The Court finds class action is superior in the case involving over one thousand recipients receiving the same collection letter from Defendant.

**c. Hybrid**

Because the court finds certification under Rule 23(b)(2) is not appropriate, Plaintiff's request for a hybrid class under Rules 23(b)(2) and 23(b)(3) is denied.

**II. Motion for Leave to File A FAC**

Plaintiff seek leave to file a FAC to add an additional defendant, Vital Solutions Inc.

**A. Legal Standard**

The filing of an amended complaint or counterclaim after a responsive pleading has been filed may be allowed by leave of court. FED.R.CIV.P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. International Association of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genetech, Inc. v. Abbott Laboratories, 127 F.R.D. 529 (N.D. Cal. 1989).

Even though leave to amend is generally granted freely, it is not granted automatically. See Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Four factors are considered when a court determines whether to allow amendment of a pleading. These are prejudice to the opposing party, undue delay, bad faith, and futility. See DCD Programs, 833 F.2d at 186; see also Foman v. Davis, 371 U.S. 178, 182 (1962). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend. See DCD Programs, 833 F.2d at 186; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981).

//
//

## B. Analysis

Plaintiff contends he has acted in good faith and without undue delay in that he filed the instant motion for leave to amend diligently after Defendant's deposition was taken and within the time-frame indicated by Judge Major's amended scheduling order. Plaintiff maintains his attorneys were able to gather enough details to substantiate a joint liability theory of the parent company Vital Solutions Inc. ("VSI) and now seek to amend to add VSI as a defendant. Plaintiff contends no undue prejudice will result to Defendant because the proposed FAC simply adds an additional defendant and does not amend any of the causes of action. Additionally, he maintains Defendant has not engaged in discovery to date, so Defendants will have a full and fair opportunity to participate in discovery and face no imminent discovery cutoff or trial deadlines if the FAC is amended as requested. Plaintiff also contends the amendment is not futile.

In opposition, Defendant argues Plaintiff cannot justify his undue delay in seeking to amend. Defendant maintains Plaintiff was made aware of the relationship between Defendant and VSI in a Certificate of Interested Parties Defendant filed on January 24, 2017. Defendant further maintains it provided Plaintiff its responses to Plaintiff's First Set of Interrogatories, Requests for Admission and Requests for Production on April 10, 2017, which included documents that clearly and conspicuously listed VSI on each page. Furthermore, Defendant contends it served supplemental responses on May 5, 2017, which included Compliance Manuals and Operations/Operations Support Manuals providing Plaintiff notice of the existence of VSI. As such, Defendant argues, Plaintiff had sufficient time to amend its pleadings to add VSI earlier in the litigation.

Defendant further argues granting Plaintiff's motion to amend will prejudice both Defendant and VSI because VSI may be required to travel to California for a deposition and there will be a dramatic increase in discovery costs. Additionally, Defendant argues amendment is futile because the allegations fall short of establishing an alter ego theory.

In reply, Plaintiff argues, even assuming he knew of the existence of VSI, his proposed amendment requires more than the knowledge of its existence. He maintains it

requires research to substantiate the new theory of liability, and the deposition, taken on June 16, 2017, was essential in gathering and corroborating evidentiary support to substantiate the new theory of liability.

Plaintiff further argues Defendant's claim of increased discovery costs is not "dramatic" as claimed by Defendant as it is an inherent costs of litigation regardless of the addition of VSI. Additionally, Plaintiff contends the issue regarding an additional deposition is moot because he does not anticipate taking the deposition of VSI. Plaintiff also argues Defendant is wrong to assume that his allegations are not supported by factual evidence as the information supporting the allegations consists of testimony and documents derived from Defendant's deposition. He maintains the proposed FAC sufficiently alleges facts to support a joint liability theory, and contends Defendant is challenging the pleadings which is premature and improper on a motion for leave to amend. Further, Plaintiff contends he alleges joint liability under an agency theory not alter ego as asserted by Defendant.

The Court finds no bad faith or undue delay. While Plaintiff was aware of VSI existence earlier in the litigation, he demonstrates that discovery, including the deposition, was required to gather sufficient information to determine whether the relationship between Defendant and VSI gave rise to joint liability against VSI. The month between the June 16, 2017 deposition and the July 17, 2017 filing of the motion is not unreasonable. Additionally, the Court finds no undue prejudice. The request to amend was filed relatively early in the proceedings. To date, Defendant has filed an answer, the parties participated in an Early Neutral Evaluation conference and Plaintiff filed the motions addressed in this order. There are no discovery deadlines set.

The Court also finds amendment is not futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). This Court finds Plaintiffs present a colorable claim against Vital Solutions. Additionally, challenges to the sufficiency of the allegations are more

appropriately addressed in a motion to dismiss. Accordingly, Plaintiff's motion for leave to amend is granted.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERD:

1. Plaintiff's motion for class certification is **GRANTED**;

2. The Classes shall consist of:

### CLASS A

All persons located in the State of California to whom Defendant sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, an initial written communication that is substantially similar or materially identical to Defendant's April 4, 2016 Validation Notice which was not returned undelivered by the United States Postal Service, in which Defendant failed to clearly state the amount of the debt in violation of 15 U.S.C. section 1692g(a)(1).

### CLASS B

All persons located in the State of California to whom Defendant sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, an initial written communication that is substantially similar or materially identical to Defendant's April 4, 2016 Validation Notice which was not returned undelivered by the United States Postal Servic e, in which Defendant failed to disclose that the debt was subject to daily accruing interest rendering the Validation Notice deceptive, confusing, and
misleading in violation of 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10).

3. Plaintiff's motion for leave to file a First Amended Complaint is **GRANTED**. Plaintiff shall file the FAC attached to his motion **on or before March 29, 2017,**

DATED: March 14, 2018

_____
JOHN A. HOUSTON
United States District Judge