Alex Asil Mashiri, Esq. (SBN 283798)
alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Tamim Jami, Esq. (SBN 311351)
tamim@jamilaw.com
**THE JAMI LAW FIRM P.C.**
3525 Del Mar Heights Rd #941
San Diego, CA 92130
Telephone: (858) 284-0248
Fax: (858) 284-0977

Attorneys for Plaintiff:
FELIPE MAGALLON

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE MAGALLON, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> VITAL RECOVERY SERVICES, LLC. and VITAL SOLUTIONS, INC., <br><br> Defendants. | Case No. 3:16-cv-02971-JAH-BLM <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF:** <br><br> **1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND** <br><br> **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff FELIPE MAGALLON alleges as follows:

## INTRODUCTION

1. Plaintiff FELIPE MAGALLON (hereinafter referred to as "Plaintiff"), brings this lawsuit against VITAL RECOVERY SERVICES, LLC. (hereinafter "VRS") and VITAL SOLUTIONS INC. (hereinafter "VSI") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), and Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA").

2. Plaintiff brings this action to seek actual damages, statutory damages, injunctive relief, attorneys' fees and costs, and other relief the Court deems appropriate.

3. Plaintiff alleges as follows, upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this First Amended Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Defendants in this First Amended Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

9. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. section 1692a(3) and a "debtor" as the term is defined by California Civil Code section 1788.2(h).

10. Plaintiff is informed and believes, and thereupon alleges, that Defendant VSI is, and at all times mentioned herein was, a corporation who was conducting and engaging in business in the County of San Diego, State of California.

11. Plaintiff is informed and believes, and thereupon alleges, that Defendant VRS is, and at all times mentioned herein was, a limited liability company who was conducting and engaging in business in the County of San Diego, State of California.

12. Plaintiff is informed and believes, and thereupon alleges, that Defendants use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as the term is defined by 15 U.S.C. section 1692a(6).

13. Plaintiff is informed and believes, and thereupon alleges that Defendants are both a "debt collector" as the term is defined by Civil Code section 1788.2(c).

14. Defendants attempted to collect a "consumer debt" as the term is defined by the FDCPA and Rosenthal FDCPA.

15. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendants was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this First Amended Complaint.

## JURISDICTION AND VENUE

16. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

17. This action arises out of violations of the FDCPA and Rosenthal FDCPA. Because Defendants do business within the State of California, County of San Diego, personal jurisdiction is established.

18. Venue is proper pursuant to 28 U.S.C. section 1391.

## RELEVANT FACTS

19. Sometime after April 4, 2016, Plaintiff received his first collection notice dated April 4, 2016 (hereinafter referred to as "Validation Notice") from Defendant VRS, attempting to collect a debt in the amount of $23,450.21. The debt was allegedly owed to LendingClub. A copy of the Validation Notice is attached hereto as **Exhibit 1**, and is incorporated herein by reference.

20. Defendant VRS' Validation Notice does not state that the $23,450.21 debt is accruing interest, the interest rate interest at which the interest is accruing, or the portion of the debt that is principal and the portion of the Debt that is accrued interest or other fees. In fact, Defendant VRS' Validation Notice is completely devoid of any language that would either confirm or deny the existence of acquiring interest.

21. Upon information and belief, Defendant VRS was charging daily accruing interest on the debt.

22. Upon information and belief, Defendant VRS' debt collection practice is largely automated and utilizes standardized form letters or templates.

23. Upon information and belief, Defendant VRS is a subsidiary of Defendant VSI.

24. Upon information and belief, Defendant VSI directed Defendant VRS' alleged misconduct.

25. Upon information and belief, Defendant VSI devises collection policies and practices for Defendant VRS.

26. Upon information and belief, Defendant VSI shared common officers and directors with VRS.

27. Upon information and belief, Defendant VSI has no employees.

28. Upon information and belief, Defendant VSI and Defendant VRS share the same principal place of business.

29. Upon information and belief, Defendant VSI creates compliance policies for Defendant VRS.

30. Upon information and belief, Defendant VRS takes direction from Defendant VSI.

31. Upon information and belief, Defendant VSI finances Defendant VRS.

32. Upon information and belief, Defendant VSI is the employer of all Defendant VRS employees.

33. Upon information and belief, Defendant VRS must present compliance changes and updates to the officers and directors of Defendant VSI for approval.

34. Upon information and belief, Defendant VRS is an agent of Defendant VSI.

35. Upon information and belief, Defendant VSI is an alter ego of Defendant VRS.

## CLASS ALLEGATIONS

36. Plaintiff brings this action on his own behalf, and on behalf of all others similarly situated.

**FDCPA CLASS**

## CLASS A

37. Plaintiff defines the FDCPA "CLASS A" as follows:

> All persons located in the State of California to whom Defendant VRS sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, an initial written communication that is substantially similar or materially identical to Defendant VRS' April 4, 2016 Validation Notice which was not returned undelivered by the United States Postal Service, in which Defendant VRS failed to clearly state the amount of the debt in violation of 15 U.S.C. section 1692g(a)(1).

## CLASS B

38. Plaintiff defines the FDCPA "CLASS B" as follows:

All persons located in the State of California to whom Defendant VRS sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, an initial written communication that is substantially similar or materially identical to Defendant VRS' April 4, 2016 Validation Notice which was not returned undelivered by the United States Postal Service, in which Defendant VRS failed to disclose that the debt was subject to daily accruing interest rendering the Validation Notice deceptive, confusing, and misleading in violation of 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10).

## ROSENTHAL FDCPA CLASS

## CLASS A

39. Plaintiff defines the Rosenthal FDCPA "CLASS A" as follows:

All persons located in the State of California to whom Defendant VRS sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, an initial written communication that is substantially similar or materially identical to Defendant VRS' April 4, 2016 Validation Notice which was not returned undelivered by the United States Postal Service, in which Defendant VRS failed to clearly state the amount of the debt in violation of 15 U.S.C. section 1692g(a)(1).

## CLASS B

40. Plaintiff defines the Rosenthal FDCPA "CLASS B" as follows:

All persons located in the State of California to whom Defendant VRS sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, an initial written communication that is substantially similar or materially identical to Defendant VRS' April 4, 2016 Validation Notice which was not returned undelivered by the

United States Postal Service, in which Defendant VRS failed to disclose that the debt was subject to daily accruing interest rendering the Validation Notice deceptive, confusing, and misleading in violation of 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10).

41. The FDCPA Class and the Rosenthal FDCPA Class shall be referred to jointly as "The Classes."

42. Defendants and their employees or agents are excluded from the Classes.

43. Plaintiff does not know the exact number of persons in the Classes, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

44. The identity of the individual members is ascertainable through Defendants and/or Defendants' agents' records or by public notice.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

a) Whether Defendants violated the FDCPA by sending a written communication substantially in the form of Exhibit 1 to the members of the Classes;

b) Whether Defendants violated the Rosenthal FDCPA by sending using a written communication substantially in the form of Exhibit 1 to the members of the Classes;

c) Whether members of the Classes are entitled to the remedies under the FDCPA;

d) Whether members of the Classes are entitled to the remedies under the Rosenthal FDCPA;

e) Whether members of the Classes are entitled to declaratory relief;

f) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

g) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the Rosenthal FDCPA.

46. Plaintiff will fairly and adequately protect the interest of the Classes.

47. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

48. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

49. A class action is a superior method for the fair and efficient adjudication of this controversy.

50. Class-wide damages are essential to induce Defendants to comply with the Federal and State laws alleged in the First Amended Complaint.

51. The interests of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA or Rosenthal FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.* securities fraud.

52. Defendants have acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the class as a whole.

53. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

54. Plaintiff requests certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

## FIRST CAUSE OF ACTION
**(Violation of the FDCPA)**

55. Plaintiff re-alleges all paragraphs above, as if fully set forth herein.

## COUNT 1

56. Defendants violated 15 U.S.C. section 1692g(a)(1) because its Validation Notice failed to clearly state the amount of the debt. Defendants failed to clearly state the amount of the debt because it failed to disclose that the debt was subject to daily accruing interest. It is well established that a debt collector, who attempts to collect accruing interest on a debt, must use some type of safe harbor language informing the debtor that the debt increases due to daily accruing interest. *See Akram v. California Business Bureau Inc.*, 2016 WL 7029262 (S.D. Cal. Oct. 3, 2016); *Chuway v. National Action Financial Services, Inc.,* 362 F.3d 944, 949 (7th Cir. 2004); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000); *Dragon v. I.C. System, Inc.,* 483 F.Supp.3d 198, 203 (D. Conn. 2007).

## COUNT 2

57. Defendants violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) because its Validation Notice failed to disclose that the debt is subject to daily accrual of interest, which makes the Validation Notice deceptive, confusing, and misleading. *See Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016). In *Avila*, the Second Circuit stated the following:

> "A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.
>
> Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balances, to disclose that the balance may increase due to interest and fees

*See Avila*, 817 F.3d at p. 76; *also see* the reasoning of *Dragon,* 483 F.Supp.3d 198, 201-203; *Marucci v. Cawley & Bergmann LLP.*, 2014 WL 7140496 (D. N.J 2014); *Michalek v. ARS Nat. Sys., Inc.* 2011 WL 6180498 at *3-5 (M.D. Pa. 2011); *Smith v. Lyons, Doughty & Veldhuius, P.C*. 2008 WL2885887 at *7 (D. N.J. 2008), which Plaintiff incorporates in this First Amended Complaint.

58. As a result of each and every violation of the FDCPA, as alleged in Counts 1 and 2, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

59. As a result of each and every violation of the FDCPA, as alleged in Counts 1 and 2, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

60. As a result of each and every violation of the FDCPA, as alleged in Counts 1 and 2, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. section 1692k(a)(2)(A); and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## SECOND CAUSE OF ACTION
**(Violation of the Rosenthal FDCPA)**

61. Plaintiff re-alleges all paragraphs above, as if fully set forth herein.

62. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates the FDCPA.

63. Defendants violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692e, 1692e(2)(A) and 1692e(10), and 1692g(a)(1), as discussed above.

64. The Ninth Circuit in *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1066 (9th Cir. 2011) has ruled that the Rosenthal FDCPA incorporates the FDCPA's class action damages provision in 15 U.S.C. section 1692k(a)(2)(B) via California Civil Code section 1788.17.

65. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

66. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

67. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## REQUEST FOR PRESERVATION OF EVIDENCE

1. Preserve all forms of electronic data, regardless of where the data exists, without modification to or deletion of any potentially discoverable data;

2. Suspend all procedures that may alter or delete computer data;

3. Prevent deleting, overwriting, defragmenting, or compressing the data;

4. Preserve all archived back-up tapes and ensure that (a) if archive tapes are rotated, the relevant tapes are removed from the rotation; (b) if backups are made to hard drives, preserve the hard drive as well;

5. Preserve the contents of all hard drives, network drives, tape drives, optical drives, floppy disks, CD and DVD drives, and all other types of drives or storage media that are within the possession, custody or control of all people who have knowledge of relevant facts and those who work with them, such as assistants;

6. Preserve the contents of all information on portable computers–such as laptops and palmtops–used by those people as well as home computers, if these are used for work purposed;

7. Preserve the contents of all data on computers that were used since the limitations period on the lawsuit began (for example; one year prior to filing) but that are no longer in use.

## REQUEST FOR JURY TRIAL

As declared by the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. An order certifying the Class as requested herein;

2. An order appointing the Plaintiff as the representative of the Class;

3. An order certifying Plaintiff's counsel as Class Counsel;

4. An order requiring Defendant, at its own cost, to notify all members of the Classes of the unlawful acts discussed herein;

5. Injunctive relief requiring Defendant to clearly state the accurate amount of the debt in its Validation Notice in compliance with 15 U.S.C. section 1692g(a)(1);

6. Injunctive relief requiring Defendant to disclose, in its Validation Notice, that the debt is subject to daily accrual of interest;

7. An award of statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. section 1692k(a)(2)(A), for each plaintiff and putative class member;

8. An award of statutory damages in the amount of $1,000.00, pursuant to California Civil Code section 1788.17, for each plaintiff and putative class member;

9. An award of statutory damages in the amount of $1,000.00, pursuant to California Civil Code section 1788.30(b), for each plaintiff and putative class member;

10. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3);

11. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code section 1788.30(c); and

12. Any and all other relief that this Court deems just and proper.

Respectfully Submitted,

DATED: March 19, 2018  **MASHIRI LAW FIRM**
A Professional Corporation

By: /s/ Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff
Felipe Magallon