1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELIPE MAGALLON, individually and on behalf of others similarly situated, | ) Case No.: 3:16-cv-02971-JAH (BLM) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **JUDGMENT AND ORDER** |
| | ) **GRANTING PLAINTIFF'S** |
| | ) **MOTION FOR FINAL APPROVAL** |
| VITAL RECOVERY SERVICES, LLC. | ) **OF CLASS ACTION SETTLEMENT** |
| and VITAL SOLUTIONS, INC., | ) **AND MOTION FOR ATTORNEY'S** |
| | ) **FEES AND COSTS** |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

### ORDER GRANTING FINAL APPROVAL

WHEREAS, on **August 5, 2019** the Court preliminarily approved a class action settlement agreement ("Settlement Agreement") between Plaintiff Felipe Magallon ("Plaintiff") and Defendants Vital Recovery Services, LLC ("VRS") and Vital Solutions, Inc. ("VSI") (VRS and VSI are collectively referred to as "Defendants") (Plaintiff and Defendants are hereinafter collectively referred to as "Parties");

WHEREAS, the Court approved the form of notice of settlement for mailing to the class members;

WHEREAS, the Parties have informed the Court that notice of the settlement was sent by first class United States mail, postage prepaid, to the members of the class;

WHEREAS, the Parties received no objections from the class members, and only two class members, Ms. Myrna Bagge and Mr. Earl Schmidt, Jr., opted out of the class;

WHEREAS, the Parties, via counsel, appeared before this Court on **August 5, 2019 at 2:30 p.m**. in accordance with the Court's Order Granting Preliminary Approval, regarding Plaintiff's Motion for Final Approval of Class Settlement and Motion for Attorney's Fees and Costs; and

WHEREAS, the Motions were unopposed and the Parties were represented by their attorneys of record.

**The COURT RULES AS FOLLOWS**:

After considering the papers filed in support of Plaintiff's Unopposed Motion for Final Approval of Class Settlement and Unopposed Motion for an Award of Attorney's Fees and Costs and arguments of counsel, **IT IS HEREBY ORDERED** that the Court **GRANTS** Plaintiff's Unopposed Motion for Final Approval of Class Settlement and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs.

The Court finds the settlement is fair, adequate, and reasonable for the class members for the following reasons:

- the settlement was reached through arm's-length bargaining (not through fraud or collusion);

- investigations and discovery were sufficient to allow Class Counsel and the Court to act intelligently;

- Class Counsel is experienced in similar litigation;

- there are no objectors to the settlement;

- the case was complex and there was a certain amount of risk involved including potential appeals; and

- the settlement amount represents a fair and reasonable settlement of the claims asserted in relationship to the potential risks of continuing to litigate the matter.

The Court further finds that the requested attorneys' fees, costs, and incentive award for the class representative are reasonable. In particular, Class Counsel spent a significant amount of time litigating and investigating this matter; novel and difficult questions were presented in this case; skill was necessary to perform the legal services properly; the customary fee charged in matters of this type were customary and reasonable; the fees were contingent on the outcome; Class Counsel obtained a fair and reasonable settlement; and Class Counsel is experienced in handling class actions. Moreover, the costs are reasonable, as they represent court and filing fees, traveling expenses, and deposition fees etc.  Finally, an incentive award for the class representative is reasonable in this case because Plaintiff played a substantial role in this litigation, spent a considerable amount of time assisting counsel in the case, responded to written discovery, and attended the settlement conference.

Accordingly, the Court hereby awards Class Counsel attorneys' fees and Litigation Costs as follows: $46,000 for attorney's fees and $3,000 for costs.  The Court also approves an incentive award to Plaintiff in the amount of $2,000.

**IT IS FURTHER ORDERED**:

1.      The Parties and Claims Administrator shall comply with all aspects of the Settlement Agreement reached between the parties;

2.      The "Settlement Class" is defined as:  All individuals located in the State of California to whom VRS sent, within one year before the date of the complaint and in connection with the collection of a consumer debt, an initial written communication that is substantially similar or materially identical to VRS's April 4, 2016 validation notice which was not returned undelivered by the United States Postal Service.  The class settlement period is from December 7, 2015 to December 7, 2016.

3.      Defendants shall pay the authorized class members, Plaintiff, and Class Counsel's fees and costs according to this Order and in the manner specified in the Parties' Settlement Agreement with residual funds, if any, to the Legal Aid Society of San Diego, Inc.

4.      The Court hereby enters final Judgment in this case in accordance with the terms of the Settlement Agreement;

5.      This document shall constitute a Judgment;

6.      The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement and of this Order and Judgment.

**IT IS SO ORDERED.**

Dated: August 5, 2019

_____
Hon. John A. Houston
United States District Court Judge